**The STATE of Ohio, Appellee,**

v.

**WILKERSON, Appellant.**

[Cite as *State v. Wilkerson* (2000), 138 Ohio App.3d 861.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990899.

Decided Aug. 25, 2000.

---

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *June Wagner,* Assistant Prosecuting Attorney, for appellee.

*David M. Gast,* for appellant.

*Per Curiam.*

Defendant-appellant Rodney Wilkerson appeals the judgment of the trial court adjudicating him a habitual sex offender. In his first assignment of error, Wilkerson challenges the weight of the evidence upon which the adjudication was based, contending that he should not have been classified a habitual sex offender under the factors set forth in R.C. 2950.09(B)(2).

On November 15, 1999, Wilkerson pleaded guilty to one count of corruption of a minor, in violation of R.C. 2907.04. The offense had occurred on June 17, 1999. Because Wilkerson was sentenced for the offense after the effective date of R.C. 2950.09, the trial court was required to determine whether he fell into one of the

following classifications: (1) sexual predator, (2) habitual sex offender, or (3) sexually-oriented offender.[1]

In determining whether an offender who has not been convicted of a violent sexually oriented offense and a sexually violent-predator specification is subject to sexual classification, the trial court must conduct a sexual-predator hearing.[2] A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the *future* in one or more sexually oriented offenses."[3] (Emphasis added.) To determine whether the offender is a sexual predator, the court must review all the testimony and evidence presented at the hearing and the factors outlined in R.C. 2950.09(B)(2). There must be clear and convincing evidence that the offender is a sexual predator before that predator classification may be applied.[4]

Even if an offender is not found to be a sexual predator, the trial court must determine whether to apply the habitual-sex-offender classification. A "habitual sex offender" is defined as a "person who is convicted of or pleads guilty to a sexually oriented offense and who *previously* has been convicted of or pleaded guilty to one or more sexually oriented offenses."[5] (Emphasis added.) To classify the offender as a habitual sex offender under R.C. 2950.09(E),[6] the trial court must conclude the following: (1) that the offender was convicted of or had pleaded guilty to committing a sexually-oriented offense on or after January 1, 1997, and (2) that the offender had been previously convicted of or pleaded guilty to a sexually-oriented offense other than the one for which the current sentence has been imposed.[7] R.C. 2950.09(E) does not incorporate R.C. 2950.09(B)'s clear-and-convincing-standard of persuasion in connection with the determination of habitual-sex-offender status.[8]

---

1. See *State v. Cook* (1998), 83 Ohio St.3d 404, 407, 700 N.E.2d 570, 574.

2. See R.C. 2950.09(B).

3. See R.C. 2950.01(E).

4. See R.C. 2950.09(B)(3).

5. See R.C. 2950.01(B).

6. R.C. 2950.09(C) applies to those defendants convicted prior to January 1, 1997, while R.C. 2950.09(E) concerns those defendants who are convicted of a sexually oriented offense on or after January 1, 1997, and had a previous conviction for a sexually oriented offense. Because Wilkerson was convicted of the instant offense after January 1, 1997, we apply the provisions of R.C. 2950.09(E).

7. See R.C. 2950.09(E).

8. See *State v. Shaddoan* (July 24, 1998), Hamilton App. No. C–970502, unreported, 1998 WL 412422.

██ If the court concludes that an offender is neither a sexual predator nor a habitual sex offender, then the offender is considered a sexually oriented offender. A "sexually oriented offender" is defined as one who is convicted of a sexually oriented offense as defined by R.C. 2950.01(D), but does not meet the requirements of the sexual-predator or habitual-sex-offender-classifications.[9]

Here, the trial court conducted a sexual-predator hearing. At the hearing, the trial court concluded that Wilkerson was not a sexual predator. It ruled instead that, due to a previous conviction for a sexually oriented offense, Wilkerson was a habitual sex offender. The trial court elected not to subject Wilkerson to the community-notification requirements of R.C. 2950.09(E), but otherwise required him, as a habitual sex offender, to comply with the reporting requirements applicable upon his release from prison.

 The Supreme Court of Ohio has determined that the statutes in R.C. Chapter 2950 are remedial, not punitive, in nature.[10] For this reason, an adjudication under the statutes that is supported by some competent, credible evidence going to all the essential elements of the case should not be reversed as being against the manifest weight of the evidence.[11] The record in this case consists of the presentence-investigation report ("PSI report"), and the transcripts of the sentencing hearing and the sexual-predator hearing. While the record demonstrates that Wilkerson's current conviction involved a sexually oriented offense,[12] it does not show that he had previously been convicted of a sexually oriented offense. Despite the state's arguments to the contrary, Wilkerson's arrest history and the arresting officer's statement do not demonstrate that he had previously been convicted of corruption of a minor. The only possible sexually-related offense for which Wilkerson could have been convicted (other than the current one for corruption of a minor) was pandering obscenity, an offense that occurred in 1997 and apparently involved a female teenager.[13] Pursuant to R.C. 2950.01(D)(2)(c), pandering obscenity involving a minor is considered a sexually oriented offense only where there has been a violation

---

**9.** See *State v. Cook, supra.*

**10.** See *id.* at 416, 700 N.E.2d at 580.

**11.** See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus; *State v. Rawlings* (July 17, 1998), Hamilton App. No. C–970596, unreported, 1998 WL 397376.

**12.** A sexually oriented offense includes offenses involving corruption of a minor under R.C. 2907.04. See R.C. 2950.01(D)(2)(a).

**13.** Wilkerson was also convicted of and sentenced for "contributing to the delinquency of minor" and "sale to [an] underage person" in 1996–1997, but the offenses cannot be considered sexually oriented offenses under R.C. 2950.01(D).

under either R.C. 2907.321(A)(1) or R.C. 2907.321(A)(3). Nothing in the record demonstrates which subsection of the pandering statute was violated by Wilkerson. Accordingly, there is no persuasive indication that the pandering charge or his other prior convictions involved a sexually oriented offense as defined under R.C. 2950.01(D). Without more, Wilkerson should only have been considered a sexually-oriented offender based upon the current conviction. We hold, therefore, that as a matter of law the trial court erred in classifying Wilkerson as a habitual sex offender, and his first assignment of error is sustained.

In his second assignment of error, Wilkerson argues that the trial court erred in classifying him as a habitual sex offender subject to community control because that classification was not supported by the purpose or the policy underlying the sexual-predator statutes. In essence, he requests that we reduce his classification. Because we have already concluded that the trial court erred in adjudicating him a habitual sex offender, this assignment of error is moot.

For the foregoing reasons, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this Decision.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., SUNDERMANN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.