OPINION
Defendant-appellant Dale Parker appeals the December 27, 2000, Judgment Entry of the Licking County Court of Common Pleas which determined that he is a Habitual Sex Offender, pursuant to Chapter 2950 of the Ohio Revised Code. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 22, 2000, defendant-appellant Dale Parker [hereinafter appellant] was indicted on three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree.[1]
Thereafter, on December 27, 2000, appellant entered pleas of no contest to each of the charges contained in the indictment. On December 27, 2000, appellant was sentenced to a period of community control for five years. In addition, after conducting a hearing, and determining that appellant had a previous conviction for Indecent Exposure, in violation of R.C. 2907.09[2], the trial court classified appellant as a Habitual Sex Offender, pursuant to R.C. 2950.09.
It is from the December 27, 2000, Judgment Entry determining appellant to be a habitual sex offender that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN CLASSIFYING THE DEFENDANT-APPELLANT A HABITUAL SEX OFFENDER, SUBJECT TO NOTIFICATION AND REGISTRATION REQUIREMENTS AS THE EVIDENCE PRESENTED WAS BOTH CONSTITUTIONALLY DEFECTIVE AND FACTUALLY INSUFFICIENT TO ESTABLISH A PRIOR CONVICTION OF THE DEFENDANT-APPELLANT.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN CLASSIFYING DEFENDANT-APPELLANT A HABITUAL SEX OFFENDER, SUBJECT TO NOTIFICATION AND REGISTRATION REQUIREMENTS AS THE EVIDENCE PRESENTED FAILED TO DEMONSTRATE THAT THE DEFENDANT-APPELLANT HAD PREVIOUSLY BEEN CONVICTED OF A SEXUALLY ORIENTED OFFENSE AS DEFINED BY R.C. [SEC.] 2950.01(D).
 ASSIGNMENT OF ERROR III
 THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE SEXUALLY ORIENTED OFFENDER DETERMINATION HEARING.
 II
In the second assignment of error, appellant argues that the trial court committed prejudicial error when it classified appellant as a Habitual Sex Offender when the record fails to show that appellant had been convicted of a Sexually Oriented Offense previously. In that we find this assignment of error dispositive of this matter, we will address it first.
In order to classify an offender as a Habitual Sex Offender, the offender must be convicted of a Sexually Oriented Offense and have "previously been convicted of or pleaded guilty to one or more Sexually Oriented Offenses." R.C. 2950.01(B).[3] Sexually Oriented Offenses include:
 (D) "Sexually oriented offense" means any of the following offenses:
 (1) Regardless of the age of the victim of the offense, a violation of section 2907.02, 2907.03, or 2907.05 of the Revised Code;
 (2) Any of the following offenses involving a minor, in the circumstances specified:
 (a) A violation of section 2905.01, 2905.02, 2905.03, 2905.04, 2905.05, or 2907.04 of the Revised Code when the victim of the offense is under eighteen years of age;
 (b) A violation of section 2907.21 of the Revised Code when the person who is compelled, induced, procured, encouraged, solicited, requested, or facilitated to engage in, paid or agreed to be paid for, or allowed to engage in the sexual activity in question is under eighteen years of age;
 (c) A violation of division (A)(1) or (3) of section 2907.321 or 2907.322 of the Revised Code;
 (d) A violation of division (A)(1) or (2) of section 2907.323 of the Revised Code;
 (e) A violation of division (B)(5) of section 2919.22 of the Revised Code when the child who is involved in the offense is under eighteen years of age.
 (3) Regardless of the age of the victim of the offense, a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, or of division (A) of section 2903.04 of the Revised Code, that is committed with a purpose to gratify the sexual needs or desires of the offender;
(4) A sexually violent offense;
 (5) A violation of any former law of this state that was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;
 (6) A violation of an existing or former municipal ordinance or law of another state or the United States, a violation under the law applicable in a military court, or a violation under the law applicable in an Indian tribal court that is or was substantially equivalent to any offense listed in division (D)(1), (2), (3), or (4) of this section;
 (7) An attempt to commit, conspiracy to commit, or complicity in committing any offense listed in division (D)(1), (2), (3), (4), (5), or (6) of this section.
R.C. 2950.01(D).
The trial court classified appellant as a Habitual Sex Offender, pursuant to R.C. 2950.01(B), based upon a prior conviction for Indecent Exposure, in violation of R.C. 2907.09.[4] However, Indecent Exposure is not a Sexually Orientated Offense, as identified in R.C. 2950.09(D). In accord, State v. Lusher (1997), Wood App. No. WD-97-006, unreported. Therefore, a classification as a Habitual Sex Offender could not be based upon a conviction for Indecent Exposure. See State v. Wilkerson (2000),138 Ohio App.3d 861, 866.
Defense counsel did not bring this issue to the attention of the trial court even though extensive testimony was presented at the sexual predator hearing in an attempt to determine whether appellant had previously been convicted of Indecent Exposure. Sexual offender hearings are civil in nature. State v. Gowdy (2000), 88 Ohio St.3d 387, 398
(Citing State v. Cook (1998), 83 Ohio St.3d 404, 423). Generally, all but plain error is waived when a party fails to bring the error to the attention of the trial court. See Gowdy, Id. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Gowdy, Id.(citing Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus).
In Gowdy, the Ohio Supreme Court held that failure to provide the mandatory notice of a sexual predator hearing, as required by R.C.2950.09(B)(1), was plain error. We find that classifying an offender as a habitual offender, without a requisite prior conviction for a Sexually Oriented Offense, is plain error as well.
Appellant's second assignment of error is sustained.
 I III
In the first assignment of error, appellant contends that the trial court's classification of appellant as a Habitual Sexual Offender was constitutionally defective and not based upon sufficient evidence. In the third assignment of error, appellant argued that, if this court finds defense counsel's failure to raise the issue of whether a conviction for Indecent Exposure may be considered a prior conviction of a Sexually Oriented Offense to be a bar to appellant raising the issue upon appeal, then defense counsel provided ineffective assistance of counsel. Pursuant to our holding as to appellant's second assignment of error, we find appellant's first and third assignments of error moot.
For the foregoing reasons, the judgment of the Licking County Court of Common Pleas is reversed and remanded for further proceedings consistent with this Decision.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded to the trial court. Costs to appellee.
 ____________________ By Edwards, P.J.
Wise, J. and Boggins, J. concur
[1] Specifically, appellant "rubbed the breasts" of his stepdaughter. Transcript of Change of Plea and Sentencing Hearing at 7.
[2] The factual basis of the prior conviction for Indecent Exposure is not provided in the record.
[3] "'Habitual sex offender' means a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." R.C. 2950.01(B).
[4] R.C. 2907.09 states:
 (A) No person shall recklessly do any of the following, under circumstances in which his or her conduct is likely to be viewed by and affront others, not members of his or her household:
 (1) Expose his or her private parts, or engage in masturbation;
(2) Engage in sexual conduct;
 (3) Engage in conduct that to an ordinary observer would appear to be sexual conduct or masturbation.