OPINION
Defendant-appellant Jerry Rhodes appeals the decision of the Belmont County Common Pleas Court finding him guilty of R.C. 2907.05(A), gross sexual imposition. The trial court sentenced Rhodes to five years in prison and labeled him a sexual predator. This court is asked to determine two separate questions. First, we must determine whether the conviction is supported by sufficient evidence. Second, we must determine whether the sexual predator determination is supported by sufficient evidence. For the reasons discussed below, the trial court's decision on these matters is hereby affirmed. However, the case is remanded to the trial court with instructions to amend the journal entry to specifically state that Rhodes is not a habitual sex offender.
 FACTS
Rhodes was married to Stacey who had a seven year old daughter from a previous marriage named Jennifer Hayes. On November 3, 1998, Stacey woke Jennifer up for school and found that Jennifer was not wearing any underwear. Stacey questioned Jennifer on why she was not wearing any underwear. Jennifer told Stacey that Rhodes took them off her. Nothing more was said about the matter at that time.
After school, Stacey questioned Jennifer about Rhodes and her underwear. Jennifer told Stacey that Rhodes would get on top of her and start moving up and down and sideways. That night, Stacey took Jennifer to the emergency room, where Jennifer was examined. The examination revealed that Jennifer's vaginal cavity was more red than usual.
The next day, Stacey and Jennifer went to the Sheriff's Department to file a complaint. At the Sheriff's department, Karen Holmes, from Belmont County Children Services, interviewed Jennifer. A couple days later, Jennifer went to Children's Hospital in Columbus for an examination. The examination revealed no physical findings that suggested rape. Sometime after the above interviews and examinations, Jennifer began therapy with John Liendecker.
Rhodes was indicted for rape in violation of R.C. 2907.02 (A)(1)(b). The case proceeded to a jury trial. At the close of the state's case, Rhodes made an oral motion for acquittal. The motion was denied. Rhodes was found guilty of R.C. 2907.05(A), gross sexual imposition, the lesser included offense of rape. A sentencing/sexual predator hearing was held. The court sentenced Rhodes to five years in prison and determined him to be a sexual predator. Rhodes renewed his motion for acquittal after the sentencing hearing. The motion was once again denied. This timely appeal followed.
Rhodes raises three assignments of error. The first two are similar in nature and therefore will be addressed together. These assignments contend:
 "THE PRESIDING JUDGE FOR THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO IMPROPERLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL BASED ON THE STATE OF OHIO NOT PROVING BEYOND A REASONABLE DOUBT AT THE END OF THEIR CASE IN CHIEF THAT JERRY RHODES WAS GUILTY OF VIOLATING O.R.C. SECTION 2907.05(A)."
 "THE PRESIDING JUDGE FOR THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO IMPROPERLY OVERRULED APPELLANT'S MOTION FOR ACQUITTAL BASED ON THE STATE OF OHIO NOT PROVING BEYOND A REASONABLE DOUBT AT THE END OF ALL EVIDENCE PRESENTED AT TRIAL THAT JERRY RHODES WAS GUILTY OF VIOLATING O.R.C. SECTION 2907.05(A)."
An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that an appellate court uses to review a sufficiency of the evidence claim. State v. Carter (1995),72 Ohio St.3d 545, 553; State v. Mayas (Dec. 6, 2000), Jefferson App. No. 98JE14, unreported. A Crim.R. 29 motion must be denied if reasonable minds can reach different conclusions as to whether each element has been proven beyond a reasonable doubt. Id.; State v. Bridgeman (1978),55 Ohio St.2d 261, 263; State v. Sibert (1994), 98 Ohio App.3d 412,433. In making this determination, the court must view the evidence in the light most favorable to the prosecution. Id. Whether or not the state presented sufficient evidence is a question of law dealing with adequacy, not credibility. State v. Thompkins (1997), 78 Ohio St.3d 380.
The jury convicted Rhodes of violating R.C. 2907.05(A)(4). R.C.2907.05(A)(4) states:
"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
The statute requires the state to prove two elements beyond a reasonable doubt. First, the state must prove that Rhodes had sexual contact with Jennifer. R.C. 2907.05(A). Sexual contact is defined as touching of an erogenous zone. R.C. 2907.01(B). Second, the state must prove that Jennifer was under the age of thirteen. R.C. 2907.05(A)(4).
A rational trier of fact could have found beyond a reasonable doubt that Rhodes had sexual contact with Jennifer. Jennifer testified that Rhodes put "his finger in her private." This mere statement is sufficient to deny a Crim.R. 29 motion for acquittal. Liendecker, Jennifer's therapist, expanded upon Jennifer's testimony stating that Jennifer had described to him the sexual contact as what would be described in adult terms as digital penetration and dry intercourse. However, the physical examination of Jennifer revealed no evidence that suggested rape. Dr. Johnson, the pediatrician from Columbus, explained that it is not unusual for sexually abused children to exhibit no physical signs of abuse. He explained that one out of three children that they see are reported to authorities as sexually abused and one third out of the ones they report show no physical signs of abuse. Given the above testimony, a rational trier of fact could have found beyond a reasonable doubt that Rhodes had sexual contact with Jennifer, thereby satisfying the first element of gross sexual imposition.
The second element is that Jennifer was under the age of thirteen. R.C. 2907.05(A)(4). Jennifer testified that she was 7 years old. This testimony was not contradicted. Therefore, a rational trier of fact could conclude beyond a reasonable doubt that the second element is met.
Rhodes further claims that the testimony of his witnesses contradicted the testimony of the state's witnesses. He relies heavily on the testimony of his expert witness Dr. Tennenbaum, a forensic psychologist who has been involved with a number of cases dealing with alleged child sexual abuse. Dr. Tennenbaum expressed his concern over the number of times Jennifer repeated her version of the sexual contact with Rhodes to nonprofessionals, i.e. Stacey and Stacey's friends, before she talked to a professional, i.e. psychologist or social worker. Jennifer repeated the story to at least four different people before she talked to Holmes, the social worker from Belmont County Children Services. Dr. Tennenbaum explained that nonprofessionals would either ask leading questions or the wrong questions. He stated that those questions could reinforce a story that the child thinks the person wants to hear, not necessarily what actually transpired between the alleged sexual abuser and the child. Dr. Tennenbaum also questioned Holmes' method of interviewing. Dr. Tennenbaum stated that Holmes asked leading questions, thereby eliciting the responses that were wanted. He was especially concerned with Jennifer's statement that, "He [Rhodes} stuck his finger in the middle of your [Jennifer referring to herself] private." Dr. Tennenbaum explained that when a child talks about themselves in the third person it is usually because the story is rehearsed. All of Dr. Tennenbaum's testimony indicated that Jennifer's story may have been rehearsed.
However, all of Dr. Tennenbaum's statements taken in conjunction with the testimony of the state's witnesses presents a credibility issue. The trial court properly left the credibility issue for the jury to decide. See State v. Goff (1998), 82 Ohio St.3d 123, 129 (indicating that the court does not engage in a determination of witness credibility in a review of the sufficiency of the evidence). Where there exists conflicting testimony either of which version may be true, we may not choose which view we prefer. State v. Gore (1999), 131 Ohio App.3d 197,201. Instead we must defer to the finder of fact who is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections and use these observational skills. Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. As such, reasonable minds could reach the conclusion that Rhodes committed gross sexual imposition. Therefore, the evidence presented was sufficient, and the trial court properly denied the motions for acquittal. State v. Getsy
(1998), 84 Ohio St.3d 180, 193. These assignments of error are without merit.
Rhodes' third assignment of error contends:
 "THE PRESIDING JUDGE FOR THE COURT OF COMMON PLEAS OF BELMONT COUNTY, OHIO IMPROPERLY HELD BASED ON EVIDENCE PRESENTED BY THE STATE OF OHIO AT APPELLANT'S SENTENCING HEARING THAT JERRY RHODES WAS TO BE CATEGORIZED AS A SEXUAL PREDATOR UNDER THE GUIDELINES ESTABLISHED IN O.R.C. SECTION 2950.09."
We are asked to determine whether the trial court was presented with clear and convincing evidence that Rhodes is a sexual predator. R.C.2950.09(C)(2). Clear and convincing evidence is a measure of proof that is less than a reasonable doubt but is more that a mere preponderance of the evidence. State v. Millward (Sept. 28, 2000), Mahoning App. No. 99CA69, unreported, citing Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. It is proof, which will produce in the mind of the trier of fact, a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In reMental Illness of Thomas (1996), 108 Ohio App.3d 697, 700, quotingSchiebel, 55 Ohio St.3d at 74. However, an appellate court must avoid substituting its judgment for that of the trial court where there exists competent, credible evidence supporting the trial court's determination.Id.
Rhodes raises two arguments under this assignment of error. First, he argues that the trial court improperly considered the testimony and evidence that was presented at trial in determining whether to label him a sexual predator. Rhodes claims that only evidence and testimony presented at the sentencing/sexual predator hearing can be used to determine if he is a sexual predator. Second, he argues that the trial court failed to determine if he had been convicted of or pled guilty to a prior sexually oriented offense, and therefore the trial court's sexual predator determination was based upon incomplete facts.
 CONSIDERATION OF TESTIMONY AND EVIDENCE FROM TRIAL
R.C. 2950.01(E) defines sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." A trial court must consider all relevant factors in determining whether an offender is a sexual predator. R.C. 2950.09(B)(2). The factors listed in R.C. 2950.09(B)(2) are as follows:
"(a) the offender's age;
(b) the offender's criminal record;
(c) the victim's age;
(d) the existence of multiple victims;
(e) the use of drugs or alcohol to impair the victim;
 (f) whether the offender completed any prior sentences and whether the offender participated in a program for sexual offenders if the offender has a prior sexual offense conviction;
 (g) whether the offender suffers from mental illness or mental disability;
 (h) the nature of the contact with the victim and whether the contact was part of a demonstrated pattern of abuse; whether the offender displayed or threatened cruelty;
 (j) any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
However, the trial court is not limited to consider only those factors listed in section (B)(2).
Evidence presented at the sentencing/sexual predator hearing was sufficient to find that Rhodes is a sexual predator. At the sentencing/sexual predator hearing, Jennifer's age was stated. R.C.2950.09(B)(2)(c). Rhodes' prior convictions for domestic violence were discussed. R.C. 2950.09(B)(2)(b). Liendecker, Jennifer's therapist, testified that he believed the sexual contact occurred more than once. R.C. 2950.09(B)(2)(h). He also stated that she would have long term difficulties with trust and self esteem. R.C. 2950.09(B)(2). The relationship between Rhodes and Jennifer was also considered. R.C.2950.09(B)(2). Rhodes was Jennifer's stepfather and he used that position to take advantage of his stepchild instead of protecting her. The presentence investigation report was also admitted to show that Rhodes displayed no remorse or concern for Jennifer. R.C. 2950.09(B) (2)(j). Given all the above information elicited at the sentencing/sexual predator hearing, sufficient evidence was presented to prove by clear and convincing evidence that Rhodes is a sexual predator.
Next, Rhodes claims the sentencing court improperly considered testimony and evidence from the trial proceedings in determining whether he is a sexual predator. The court stated in the sentencing transcript and journal entry that the court considered "the record, the oral statements, the presentence report, the victim impact statement, the record of proceedings, the NCIC criminal history report, and the county court convictions, as well as the testimony on sexual predator status and testimony as to sentencing." (10/27/99 J.E.). R.C. 2950.09 (B)(3) states that after reviewing all testimony and evidence presented at the sentencing/sexual predator hearing and the factors in (B)(2), the judge shall determine by clear and convincing evidence if the offender is a sexual predator. As aforementioned, the judge is not limited to the factors listed in (B)(2); even those factors are not qualified in language that requires them to be presented at the hearing to be considered in determining whether to label a person a sexual predator. Regardless, the Supreme Court has stated that the trial court may consider portions of the trial record referred to at the hearing in making a predator determination and need not even read the record if the case was recently tried to that court. State v. Eppinger (2001),91 Ohio St.3d 158, 166 (as long as there is a clear record of what was considered). Therefore, appellant's argument is without merit.
Furthermore, even if the sentencing court erred in considering the record of the trial court proceedings, it does not affect the court's sexual predator finding. As explained above, the state provided sufficient evidence at the sentencing/sexual predator hearing to determine that Rhodes is a sexual predator. Accordingly, the first argument under this assignment of error is without merit.
 PRIOR SEXUAL ORIENTED OFFENSES
Rhodes states that the court did not determine whether he had previously been convicted of or pleaded guilty to a sexually oriented offense. Rhodes insists that R.C. 2950.09(E) places a mandatory requirement on the court to determine if an offender has been convicted of or pleaded guilty to a sexually oriented offense, and that a court must make a habitual sex offender finding in its order. He claims that without this determination, the sexual predator finding was based on incomplete facts and reasoning. Rhodes' argument is based on the language in R.C. 2950.09(E), which states:
"(E) If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense. If the judge determines that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sex offender. If the judge determines that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a habitual sex offender and may impose a requirement in that sentence and judgment of conviction that the offender be subject to the community notification provisions regarding the offender's place of residence that are contained in sections 2950.10 and 2950.11 of the Revised Code. Unless the habitual sex offender also has been adjudicated as being a sexual predator relative to the sexually oriented offense in question, the offender shall not be subject to those community notification provisions if the court does not impose the requirement described in this division in the offender's sentence and the judgment of conviction."
Rhodes is incorrect that the sentencing court did not determine if he was convicted of or pleaded guilty to a sexually oriented offense. At the sentencing/sexual predator hearing, the court acknowledged that Rhodes only had two prior convictions which were for domestic violence. The sentencing court stated that it considered the county court convictions and the NCIC criminal history report in making its findings. The NCIC criminal history report listed prior convictions. None of the convictions were sexually oriented offenses. Furthermore, prior convictions of sexually oriented offenses are not necessarily needed in determining whether an offender is a sexual predator. R.C. 2950.09(B)(2). An offender's prior criminal record including all sex offenses is one of several factors that may be considered in determining whether to label an offender a sexual predator. R.C. 2950.09(B)(2). A conviction or a plea of guilty to a prior sexual offense is a mandatory prerequisite only for the determination of whether an offender is a habitual sex offender. R.C.2950.09(E); State v. Wilkerson (2000), 138 Ohio App.3d 861, 864
(explaining the differences between sexual predator, habitual sex offender, and sexually oriented offender classifications). Considering the evidence and testimony elicited at the sentencing/sexual predator hearing, it cannot be stated that a finding of a prior sexually oriented offense conviction was needed to sustain the sexual predator finding.
Rhodes is correct that the trial court did not make a habitual sex offender finding in accordance with R.C. 2950.09(E). The statute specifically requires the trial court to make a finding regarding an offender's status as a habitual sex offender when a person has been convicted of or pled guilty to a sexually oriented offense. This finding must be made regardless of whether the offender was already adjudicated as a sexual predator for the commission of the sexually oriented offense. The last sentence in R.C. 2950.09(E) states, "Unless thehabitual sex offender also has been adjudicated as being a sexualpredator relative to the sexually oriented offense in question, the offender shall not be subject to those community notification provisions if the court does not impose the requirement described in this division in the offender's sentence and the judgment of conviction." (Emphasis added). The first phrase of this sentence acknowledges that an offender could be adjudicated a sexual predator and a habitual sex offender for the same offense. Therefore, R.C. 2950.09(E) requires the sentencing court to make a habitual sex offender finding regardless of whether the court finds the offender to be a sexual predator. While we acknowledge that making a habitual sex offender finding after the court has already stated that the offender is a sexual predator will have no impact on registration requirements, the statute still mandates this finding.
For the foregoing reasons, the trial court's decision finding that Rhodes is a sexual predator is affirmed. As aforementioned, his conviction of gross sexual imposition is also affirmed. However, the case is remanded to the trial court with instructions to amend the journal entry to specifically state that Rhodes is not a habitual sex offender.
Waite, J., concurs.
DeGenaro, J., concurs.