OPINION
Defendant-appellant, Michael Griggs, appeals the decision of the Butler County Court of Common Pleas classifying him a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
Appellant entered an "Alford" guilty plea to a charge of gross sexual imposition.[1] Appellant was originally indicted on charges of rape and gross sexual imposition for repeatedly molesting his stepdaughter over the course of several years. Upon appellant's plea, the trial court merged the rape charge into the gross sexual imposition charge and he was sentenced accordingly. The trial court held a sexual predator hearing pursuant to R.C. 2950.09(B) and adjudicated appellant a sexual predator. Appellant appeals this decision, raising one assignment of error for review:
 "The Determination by the Trial Court that Griggs is a Sexual Predator is Against the Manifest Weight of the Evidence."
We initially note that appellant has misstated the proper standard to be applied on review of the trial court's sexual predator determination. Appellant contends that when reviewing a manifest weight of the evidence challenge to a trial court's sexual predator determination, the reviewing court sits as the "thirteenth juror and makes an independent review of the record." See State v. Thompkins, 78 Ohio St.3d 380, 386-387,1997-Ohio-52. Appellant urges that pursuant to Thompkins, a reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether, in resolving the conflicts in the evidence, the [trier of fact] clearly lost its way[.]" See id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
While appellant has stated the appropriate standard applicable when reviewing a criminal conviction as against the manifest weight of the evidence, the Ohio Supreme Court has held that R.C. Chapter 2950 is remedial in nature and not punitive. State v. Cook (1998),83 Ohio St.3d 404. Accordingly, the civil manifest weight standard of review applies, which requires that the trial court's determination that a particular offender is a sexual predator be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. See C. E. Morris Co. v. FoleyConstr. (1987), 54 Ohio St.2d 279. Simply stated, the criminal manifest weight standard set forth in Thompkins does not apply to civil proceedings, including sexual predator determination hearings. See, e.g.,State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v.Childs (2001), 142 Ohio App.3d 389, 395; State v. Wilkerson (2000),138 Ohio App.3d 861; State v. Gerhardt, Clark App. No. 00CA0090, 2001-Ohio-1470; State v. Scott, Logan App. No. 8-2000-26, 2001-Ohio-2107; State v. Hood, Washington App. No. 00CA51, 2001-Ohio-2620; State v. Cooper, Muskingum App. No. CT2001-0013, 2001-Ohio-1676; State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042. Therefore, if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings.
A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. McCullough (Oct. 15, 2001), Fayette App. No. CA2001-02-004. There must be clear and convincing evidence that the offender is a sexual predator before that predator classification may be applied. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983), 11 Ohio App.3d 38, 41, citing Cross,161 Ohio St. at 477.
In making the sexual predator determination, the trial court is to examine the factors enumerated in R.C. 2950.09(B)(2), which include the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
While the trial court must consider the applicable statutory factors, its analysis is not limited only to statutory considerations, but must include all relevant factors. Id. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2) before concluding that an offender is a sexual predator. State v. Boshko (2000), 139 Ohio App.3d 827, 840. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case, and a single conviction may support a finding that a defendant is a sexual predator. Id.
Appellant's principal contention is that his criminal conduct can be attributed to the fact that he suffers from schizophrenia. Appellant asserts that the testimony and reports of two psychologists, Dr. Fisher and Dr. Hopes, confirm that his conduct was related to his mental illness and that he poses a low risk of recidivism with continued treatment.
However, appellant also concedes that several of the statutory factors support the determination that he is a sexual predator. As observed by the trial court, appellant demonstrated a pattern of abuse against a seven-year-old victim, over whom he exerted parental control. Appellant threatened the victim with physical harm to herself and her mother if she were to expose appellant's behavior. At times appellant seemed to accept responsibility for his behavior; however, he often denied any wrongdoing on his part, including at the sexual predator hearing.
Appellant has a prior history of similar criminal conduct and suffers from schizophrenia, characterized by Dr. Fisher as "severe." Dr. Hopes concluded that appellant is a poor candidate for treatment since he continues to deny that the offense occurred. While the psychologists' reports contain evidence that appellant poses a low risk of recidivism with continued mental health treatment, they also indicate that recidivism remains a risk because of appellant's mental illness. The trial court gave due weight to the fact that the severity of appellant's mental illness increases his risk of recidivism.
Upon review of the record, we find that the trial court fulfilled its responsibilities under R.C. 2950.09. There is competent and credible evidence in the record to support the trial court's decision and we find no error in the trial court's application of the law. Because the trial court's decision is not against the manifest weight of the evidence, we overrule the assignment of error.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] An "Alford" plea is a qualified guilty plea which allows a defendant to enter a guilty plea yet maintain his innocence. See NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160.