OPINION *Page 2 
{¶ 1} Appellant Everett D. Ferrell, III, appeals the decision of the Muskingum County Common Pleas Court labeling him a sexual predator.
 STATEMENT OF FACTS AND CASE {¶ 2} In December, 2006 the Zanesville Police Department began an investigation after a twelve year old girl reported that appellant requested she perform a sex act upon him. As a result of this investigation, the Muskingum County Grand Jury indicted appellant on one count of Importuning in violation of R.C. 2907.07(A), a felony of the fourth degree.
 {¶ 3} On January 24, 2007 appellant appeared in the Muskingum County Court of Common Pleas with his counsel and pleaded not guilty. On March 5, 2007 appellant appeared and withdrew his former plea of not guilty and entered a plea of guilty to the one count in the indictment. In exchange for his change of plea, the State agreed to recommend that appellant receive a one year prison sentence. The written plea form did not indicate an agreement or stipulation concerning appellant's status as a sexual offender. The trial court accepted appellant's change of plea after a full inquiry to determine that the change of plea was made knowingly, voluntarily, and with assistance of counsel. The trial court reviewed the plea agreement with appellant and accepted the plea. At that time, the trial court ordered a pre-sentence investigation.
 {¶ 4} On March 15, 2007 appellant filed a Request for Pre-Trial Conference which read in pertinent part: "Now comes the Defendant, Everett D. Ferrell, Ill, by and *Page 3 
through his attorney, Mark E. Kaido, seeking a pre-trial conference with the Court pursuant to Criminal Rule 17.1 for consultation regarding the Sexual Offender Classification. The Defendant believes it may be necessary to supplement the Court's pre-sentence investigation with an expert assessment of the factors set out in O.R.C. Section 2950 prior to the Sexual Classification hearing now set for April 9, 2007."
 {¶ 5} The record does not indicate the trial court ruled on this motion. Further, the record does not show that the requested conference was scheduled or took place. Appellant did not request an independent evaluation.
 {¶ 6} On April 2, 2007 appellant appeared in the Muskingum County Court of Common Pleas for sentencing. At that time, the trial court heard the report and testimony of the pre-sentence investigator concerning the classification of appellant pursuant to R.C. 2950.09. The trial court found that appellant had a history of criminal convictions, including a prior sexual offense; that he completed programs for sexual offenders; that at the time of the commission of the crime appellant was 19 years old and that the victim was twelve years old; that, appellant is low functioning; and that his victims have been of different types and ages. Based upon these findings the trial court classified appellant as a sexual predator.
 {¶ 7} The trial court directly proceeded to sentencing. The trial court sentenced appellant to 18 months in prison. Appellant now appeals the sexual offender classification portion of his sentence.
 {¶ 8} Appellant raises two Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT'S FINDING THAT APPELLANT AS A SEXUAL PREDATOR IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE *Page 4 
BECAUSE THE STATE FAILED TO PRODUCE CLEAR AND CONVINCING EVIDENCE TO SUPPORT SUCH A FINDING."
 {¶ 10} "II. THE COURT ERRED WHEN IF[SIC] FAILED TO HOLD A PRETIRAL CONFERENCE AT THE APPELLANT'S REQUEST TO AT LEAST PREVIEW THE SEXUAL OFFENDER CLASSIFICATION HEARING AND TO APPOINT AN EXPERT WITNESS TO THE CASE."
 I. {¶ 11} Appellant argues in his first assignment of error that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence.
 {¶ 12} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter 2950 is remedial in nature and not punitive. Traditionally, the courts, including this one, have applied the civil standard set forth by the Ohio Supreme Court in C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261,376 N.E.2d 578, to the trial court's determination that a particular offender is a sexual predator. See, e.g., State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v. Childs (2001),142 Ohio App.3d 389, 395, 755 N.E.2d 958; State v. Wilkerson (2000),138 Ohio App.3d 861, 742 N.E.2d 716; State v. Gerhardt, Clark App. No. 00CA0090, 2001-Ohio-1470; State v. Scott, Logan App. No. 8-2000-26, 2001-Ohio2107;State v. Hood, Washington App. No. 00CA51, 2001-Ohio-2620; State v.Cooper, Muskingum App. No. CT2001-0013, 2001-Ohio-1676; State v.Parsons (Aug. 17, 2001), Huron App. No. H-00-042. The Ohio Supreme Court held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight *Page 5 
of the evidence." Id. at paragraph one of the syllabus. Thus "if there is competent, credible evidence to support the factual findings of the trial court, we review only whether, after weighing the evidence and resolving evidentiary conflicts and issues of credibility, the trial court properly applied the governing law to those factual findings".State v. Griggs, 12 Dist. No. CA2001-08-194, 2002-Ohio-4375 at ¶ 5. InSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." In the case at bar, we find that the trial court did properly apply the law to the factual findings.
 {¶ 13} A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158,163 2001-Ohio-247, 743 N.E.2d 881, 886. There must be clear and convincing evidence that the offender is a "sexual predator" before that predator classification may be applied. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less *Page 6 
than that which constitutes "beyond a reasonable doubt." State v.Danby (1983), 11 Ohio App.3d 38, 41, 463 N.E.2d 47, citingCross, 161 Ohio St. at 477, 120 N.E.2d 118.
 {¶ 14} In making the sexual predator determination, the trial court is to examine the factors enumerated in R.C. 2950.09(B)(3), which include the following:
 {¶ 15} "(a) The offender's age;
 {¶ 16} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 17} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 18} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 19} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 {¶ 20} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 21} "(g) Any mental illness or mental disability of the offender;
 {¶ 22} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; *Page 7 
 {¶ 23} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 24} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(3).
 {¶ 25} In State v. Eppinger, supra, the Ohio Supreme Court set forth the requirements for conducting a sexual predator hearing. Of relevance to the case at bar, the Court noted "[f]inally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism". See State v. Thompson, supra. See, also, State v.Russell (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported,1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437". Id. at 166,743 N.E.2d at 889.
 {¶ 26} The trial court has significant discretion in evaluating factors that may be relevant to its recidivism determination and such determinations are to be afforded great deference. State v.Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207. The court has discretion to determine what weight, if any, it will assign to each statutory guideline. State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288, 752 N.E.2d 276. The trial court does not need to find a majority of the R.C. 2950.09(B)(3) factors to support a sexual predator determination; rather, an appellant may be so adjudicated even if only one or two of the factors are present as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to *Page 8 
commit a sexually oriented offense in the future. State v.Murphy, 11 Dist. No. 2003-L049, 2005-Ohio-412 at ¶ 41.
 {¶ 27} The trial court found that appellant was 19 and the victim was twelve years old. April 2, 2007 Hearing and Sentencing at 14. The trial court also found that appellant had a prior criminal record which included a sexually oriented offense (gross sexual imposition against his half-sister when she was four). T. at 15. Appellant completed a sex offender program but took extra time to complete the program. Id. Appellant is not mentally ill but is low functioning. Id. The trial court found that it was alleged and/or admitted by appellant to having several victims of different genders and varying ages, including minor children. Id. The pre-sentence investigation report details further information from Department of Youth Services indicating appellant is at high risk to re-offend.
 {¶ 28} Based on the foregoing, this Court finds that the evidence presented is sufficient to support a finding that appellant is a sexual predator. The record reflects he has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. The finding is supported by clear and convincing evidence. Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 29} In his second assignment of error, appellant contends that the trial court erred in failing to hold a pre-trial conference to appoint an expert witness.
 {¶ 30} Crim. R. 17.1 states: "At any time after the filing of an indictment, information or complaint the court may, upon its own motion or the motion of any party, *Page 9 
order one or more conferences to consider such matters as will promote a fair and expeditious trial. At the conclusion of a conference the court shall prepare and file a memorandum of the matters agreed upon. No admissions made by the defendant or defendant's counsel at the conference shall be used against the defendant unless the admissions are reduced to writing and signed by the defendant and defendant's counsel. The court shall not conduct pretrial conferences in any case in which a term of imprisonment is a possible penalty unless the defendant is represented by counsel or counsel has been waived pursuant to Crim. R. 44. In any case in which the defendant is not represented by counsel, any pretrial conference shall be conducted in open court and shall be recorded as provided in Crim. R. 22."
 {¶ 31} The trial court has the discretion on whether to hold a pre-trial conference. Appellant requested a pre-trial conference on March 16, 2007. This conference was not held. At the hearing, neither appellant nor his counsel objected. A failure to object waives all but plain error. "Absent plain error, an appellate court will not consider errors that the defendant failed to object to at the trial level."State v. Thompson (1998), 127 Ohio App.3d 511, 522, 713 N.E.2d 456. Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long
(1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In order to find plain error under Crim R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus. *Page 10 
 {¶ 32} Appellant argues that his Request for a Pre-Trial Conference should operate as a motion to appoint expert testimony. We do not find this to be persuasive. Appellant's counsel then should have made a motion for an expert witness. "An expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."Eppinger, 91 Ohio St.3d at 159, syllabus. Assuming arguendo appellant's counsel had made the correct motion, whether an expert would have been provided would have rested within the sound discretion of the trial court. The outcome of the hearing would not have clearly been different in light of the factors the trial court considered in the first assignment of error; therefore, we do not find this to be plain error.
 {¶ 33} Accordingly, appellant's second assignment of error is overruled. *Page 11 
 {¶ 34} The decision of the Muskingum County Common Pleas Court is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1