OPINION *Page 2 
{¶ 1} Defendant-appellant Jerry Wolfe admitted that he had raped a nine-year-old child and now contends that the trial court's decision classifying him as a sexual predator was against the manifest weight of the evidence. This is our first of two cases addressing sexual-predator classifications after the Ohio Supreme Court's decision in State v.Wilson.[1] In a second case, this court applied Wilson to a finding that an offense was not sexually oriented.[2] In this case, we are asked to examine the conclusion of the trial court that Wolfe is likely to reoffend. Applying the civil manifest-weight-of-the-evidence test, we find no error and affirm.
 A Wolfe in Sheep's Clothing {¶ 2} Wolfe lived with his girlfriend and her twins — one boy and one girl — for a year. According to statements by Wolfe, the boy would climb into bed with the couple while Wolfe was aroused, and Wolfe's penis would come into contact with the boy's buttocks. At one point, the boy told his mother that Wolfe had put his penis inside him. Additionally, Wolfe would help this nine-year-old get dressed for football practice, including "helping" to place his jock strap. He admitted that he had touched or "pinched" the boy's penis a number of times while doing this, but claimed that it had been accidental.
 {¶ 3} The child reported the incidents to his mother, and Wolfe moved out. Shortly after he had moved out, the mother called Wolfe and discussed the incidents with him under the guise of helping the child with counseling. Wolfe's characterization of the incidents in that conversation tended toward calling them *Page 3 
accidental, but he eventually admitted that some of the conduct had been intentional. The call was recorded.
 {¶ 4} After this incident, Wolfe was contacted by deputies from the Hamilton County Sheriffs Department and was asked to come in. Deputies questioned him about the incidents, and he told them that any contact had been accidental. Wolfe was arrested at the conclusion of the interview.
 {¶ 5} Wolfe was indicted for two counts of rape[3] and two counts of gross sexual imposition.[4] Three of the counts carried sexually-violent-predator specifications. Wolfe pleaded guilty to one of the rape counts and agreed to a sentence of five years in prison. The remaining counts and all the specifications were dismissed at the request of the state.
 {¶ 6} The trial court conducted a sexual-predator hearing after having Wolfe evaluated by a psychologist. The trial court considered (1) the transcript of the interview between Wolfe and the sheriffs deputies, (2) the transcript of the phone call between Wolfe and the boy's mother, (3) the indictment, (4) the bill of particulars, (5) the presentence report and the victim-impact statement of the mother, (6) the testimony and report of the psychologist, and (7) a letter sent from Wolfe's sister-in-law.
 {¶ 7} In one assignment of error, Wolfe now claims that his classification as a sexual predator was against the manifest weight of the evidence.[5] We disagree. *Page 4 
 Review of a Sexual-Predator Classification after State v.Wilson {¶ 8} The Ohio Supreme Court has recently confirmed the holding of this court that the applicable standard of review for a sexual-predator classification is the civil manifest-weight-of-the-evidence standard.[6] Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court.[7] The factual findings are presumed to be correct since the trial court is in the best position to determine credibility.[8] This court may not reverse a sexual-predator classification "simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."[9]
 {¶ 9} This standard is different than a manifest-weight determination made in the context of a criminal conviction.[10] In that context, the court sits as a "thirteenth" juror and reweighs the evidence.[11] The civil standard does not allow the reviewing court to reweigh the evidence or to substitute its judgment for that of the trial court.[12]
 {¶ 10} This distinction becomes important where, as here, we are asked by Wolfe to "weigh all of the evidence and reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a miscarriage of justice that the conviction should be reversed and a new trial ordered." As the Wilson court noted, *Page 5 
the civil standard "tends to merge the concepts of weight and sufficiency."[13] In this context, weighing the evidence is not permitted.
 {¶ 11} In Wilson, the court outlined the proper procedure that an appellate court must undertake when reviewing a decision classifying a criminal defendant as a sexual predator. The court must "evaluate * * * the trial judge's rationale [and] any of the evidence the judge cited in support of his decision * * *."[14] In so doing, the court must bear in mind that "[m]ere disagreement with the trial court's findings is not sufficient to overturn them."[15] After such a review, the court must affirm the classification if there is some competent, credible evidence that goes to each of its essential elements.
 The Classification was Supported by Some Competent, CredibleEvidence {¶ 12} As the Wilson court casts the issue in terms of the consideration of "essential elements," the first step in the process is to determine what those elements are. Under the statute, there are two elements that are the sine qua non of a sexual-predator classification. The first element is that the offender has been convicted of or pleaded guilty to committing "a sexually oriented offense."[16] The second element is that the offender is likely to engage in the future in one or more sexually oriented offenses.[17] Before a court may adjudicate an offender as a sexual predator, it must find that each of these elements has been established by clear and convincing evidence.[18] *Page 6 
 {¶ 13} Since rape is obviously a sexually oriented offense,[19]
there is rightly no argument in this case regarding the first element. Therefore, Wolfe's classification must be upheld if there is some competent, credible evidence to support the finding that he is likely to commit a sexually oriented offense in the future.
 {¶ 14} When deciding whether a defendant is a sexual predator, the trial court is to consider the non exhaustive list of criteria set forth in R.C. 2950.09(B)(3). While these are factors to consider, they are not "essential elements" in the sense that the Wilson court used that term. The trial court alone determines what weight, if any, it will assign to each statutory factor.[20] When classifying an offender, the trial court does not need to find that a majority of the factors supports a sexual-predator determination.[21] In fact, a defendant may be adjudicated as a sexual predator even if only one or two of the factors are present, as long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually oriented offense in the future.[22]
 {¶ 15} In this case, the trial court had sufficient evidence before it to support its conclusion that Wolfe was likely to reoffend. The trial court considered Wolfe's age of 32 years[23] and the age of the victim.[24] It also considered Wolfe's prior convictions for theft, criminal trespass, and disorderly conduct.[25] The trial court stated, "I took a look at the nature of the sexual conduct, and that is intercourse with a nine-year-old boy, improper touching, and just, again, the unnatural nature of the *Page 7 
act, and the additional behavioral characteristics, as [the psychologist] testified to. You had parasitic behavior, personality disorder, and, as [the assistant prosecuting attorney] pointed out, you gained the trust of the mother of the boy, the nine-year-old boy, and there is also information that you stole from Family Dollar and created a fictitious employee for the payroll. In addition, all other relevant evidence was reviewed. It seems to fit into the classic model of you coming into this boy's life, the father not in his life, you gained his trust and then you raped him."[26]
 {¶ 16} The evidence considered by the trial court was both competent and credible. In fact, Wolfe does not argue otherwise. Instead, he argues that the determination of the psychologist that he was at a low-to-moderate risk for reoffending should have been given more weight, and that the trial court "clearly failed to adequately weigh" the other factors militating against the classification. While he therefore asks this court to reweigh the evidence presented below, our review is limited to determining whether some competent, credible evidence supports the elements of the classification. With such evidence in the record, our inquiry is at an end.
 {¶ 17} Wolfe's assignment of error is overruled, and the trial court's judgment is, therefore, affirmed.
Judgment affirmed.
HENDON, P.J., and CUNNINGHAM, J., concur.
[1] 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264.
[2] State v. Gebbie, 1st. Dist. No. C-060428, 2007-Ohio-____.
[3] R.C. 2907.02(A)(1)(b).
[4] R.C. 2907.05(A)(4).
[5] Wolfe's second assignment of error, relating to the failure of the trial court to place an entry of record reflecting his classification, has been remedied by a remand by this court and an entry nunc pro tunc by the trial court. Therefore, that assignment of error is now moot.
[6] State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264; accord State v. Wilkerson (2000), 138 Ohio App.3d 861,742 N.E.2d 716.
[7] Id. at ¶ 24, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[8] Id., citing Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273.
[9] Id.
[10] Id. at ¶ 26.
[11] Id. at ¶ 25, citing State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[12] Id. at ¶ 40.
[13] Id. at ¶ 26, citing State v. Maple (Apr. 2, 2002), 4th Dist. No. 01CA2605, fn. 1; State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66.
[14] Id.
[15] Id.
[16] Id. at ¶ 15, citing R.C. 2950.01(E).
[17] Id.
[18] R.C. 2950.09(B)(4).
[19] R.C. 2950.01(D)(1)(a).
[20] State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288,752 N.E.2d 276; State v. Nyel, 1st Dist. No. C-020640, 2003-Ohio-4961, ¶ 20.
[21] State v. Cox, 5th Dist. Nos. 05CAA060041 and 05CAA070043,2006-Ohio-2097, citing State v. Murphy, 11th Dist. No. 2003-L-049,2005-Ohio-412.
[22] Id.
[23] R.C. 2950.09(B)(3)(a).
[24] R.C. 2950.09(B)(3)(c).
[25] R.C. 2950.09(B)(3)(b).
[26] See R.C. 2950.09(B)(3)(g) and (j). *Page 1