OPINION *Page 2 
{¶ 1} Defendant-appellant Raymond Gebbie admitted that he had abducted two preteen girls. He now contends that the trial court's decision classifying him as a sexual predator was against the manifest weight of the evidence. This is our second of two cases addressing sexual-predator classifications after the Ohio Supreme Court's decision in State v.Wilson.[1] In the first case, this court applied Wilson to a finding that an offender was likely to reoffend.[2] In this case, we are asked to examine the conclusion of the trial court that the instant abductions were committed with a "sexual motivation" and, therefore, were "sexually-oriented offenses." Under Wilson, this decision was not against the manifest weight of the evidence.
 What's Past is Prologue {¶ 2} The underlying facts do not appear to be in dispute. An 11-year-old child was playing outside Gebbie's apartment. He grabbed the girl and carried her inside. He was under the influence of drugs and alcohol at the time. A friend of the child, a 12-year-old girl, saw her being abducted and sought to intervene. As a result, she was also dragged into his apartment. Gebbie took both girls to his bedroom, at which point he ordered them to kneel down. Throughout this time, the girls had been screaming for help. Gebbie told the girls that "that's what [he] wanted to hear." The girls were able to escape after a brief detention. Gebbie immediately left the jurisdiction and was later apprehended at his brother's residence in Colorado.
 {¶ 3} Gebbie was indicted for three counts of abduction.[3] He reached an agreement with the state of Ohio under which he pleaded guilty as charged in exchange for an agreed sentence of five years on each count, to be served concurrently. *Page 3 
 {¶ 4} The trial court conducted a sexual-predator hearing after having Gebbie evaluated by a psychologist. During the hearing, the following evidence was introduced. In 1975, Gebbie had raped a twelve-year-old boy in the woods. Gebbie claimed that he had been intoxicated at the time and could not recall the details. He was charged with aggravated assault, kidnapping, and rape. He pleaded guilty to the rape charge and was sent to prison.
 {¶ 5} In 1982, 42 days after his release from prison, he was accused of another kidnapping and sexual assault involving another teen. In that case, the boy claimed that Gebbie had offered him a ride home, had driven him back to Gebbie's apartment instead, and had fondled him. The boy said that he had tricked Gebbie into leaving the room and had run away. While Gebbie was not convicted in that case, the Ohio Adult Parole Authority found that he had violated his parole and returned him to prison. Both boys were strangers to Gebbie. In 1987, while in prison, he was sanctioned for raping a male inmate.
 {¶ 6} Gebbie presented the testimony of his drug-treatment counselor, who stated that Gebbie had told her that he had dragged the children into his bedroom to show them a picture of his son. He told her that he had forced them to kneel before him so that they could pray together.
 {¶ 7} In one assignment of error, Gebbie claims that his classification as a sexual predator was improper. Within that one assignment, he presents three issues. The premise of all three is that the state did not show that Gebbie had committed a sexually oriented offense. We disagree.
 Review of a Sexual-Predator Classification after State v.Wilson {¶ 8} The Ohio Supreme Court has recently confirmed the holding of this court that the applicable standard of review for a sexual-predator classification is the *Page 4 
civil manifest-weight-of-the-evidence standard.[4] Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court.[5] The factual findings are presumed to be correct since the trial court is in the best position to determine credibility.[6] This court may not reverse a sexual-predator classification "simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."[7]
 {¶ 9} This standard is different than a manifest-weight determination made in the context of a criminal conviction.[8] In that context, the court sits as a "thirteenth" juror and reweighs the evidence.[9] The civil standard does not allow the reviewing court to reweigh the evidence or to substitute its judgment for that of the trial court.[10] As the Wilson court noted, the civil standard "tends to merge the concepts of weight and sufficiency."[11] This court had reached the same conclusion when we noted that "in a civil proceeding, qualitative and quantitative distinctions between weight and sufficiency of evidence are not recognized."[12] In this context, weighing the evidence is not permitted.
 {¶ 10} In Wilson, the court outlined the proper procedure that an appellate court must undertake when reviewing a decision classifying a criminal defendant as a sexual predator. The court must "evaluate * * * the trial judge's rationale [and] any of the evidence the judge cited in support of his decision * * *."[13] In so doing, the *Page 5 
court must bear in mind that "[m]ere disagreement with the trial court's findings is not sufficient to overturn them."[14] After such a review, the court must affirm the classification if there is some competent, credible evidence that goes to each of its essential elements.
 The Classification was Supported by Some Competent, CredibleEvidence {¶ 11} As the Wilson court casts the issue in terms of the consideration of "essential elements," the first step in the process is to determine what those elements are. Under the statute, there are two elements that are the sine qua non of a sexual-predator classification. The first element is that the offender has been convicted of or pleaded guilty to committing "a sexually oriented offense."[15] The second element is that the offender is likely to engage in the future in one or more sexually oriented offenses.[16] Before a court may adjudicate an offender as a sexual predator, it must find that each of these elements has been established by clear and convincing evidence.[17]
 {¶ 12} In this case, Gebbie claims that there is insufficient evidence in the record that he committed a sexually oriented offense. As Gebbie correctly notes, a conviction for abduction does not involve a sexually oriented offense per se. Abduction only becomes a sexually oriented offense "when the victim of the offense is under eighteen years of age and the offense is committed with a sexual motivation."[18] The term "sexual motivation" is statutorily defined as "a purpose to gratify the sexual needs or desires of the offender."[19]
 {¶ 13} At the sexual-predator hearing, the trial court relied on the prior incidents and found them to be similar to Gebbie's conduct in this case. The trial *Page 6 
court said that "when you review your prior conduct, sir, it's the same modus operandi you have had for the two prior kidnapping and rape charges. I understand you were not convicted of one of those two charges. They are strikingly similar. * * * In addition, * * * you used the same excuse, that you didn't remember it, or it was a big misunderstanding. Based upon that, I did find there was a sexual motivation and this a special form of abduction."
 {¶ 14} The evidence upon which the trial court relied in reaching its finding on sexual motivation was both competent and credible. A trial court may use "other acts" evidence to establish that an attack was committed with a sexual motivation.[20] While Gebbie contends that the second attack should not have been considered because the criminal charge was dismissed pursuant to Crim.R. 29, numerous courts have held that the trial court may consider charges that are dismissed as well as uncharged criminal conduct during a sexual-predator hearing.[21]
 {¶ 15} Gebbie cites two cases from different appellate districts in support of his argument, but we find neither to be instructive. In the first case, the defendant had committed an abduction, but the state had conceded that it was not "sexually motivated."[22] In the second case, the issue was whether the offender was likely to reoffend.[23]
 {¶ 16} Gebbie correctly points out that in this case the state presented no evidence from the apartment, such as pornography or sexual paraphernalia, that would have indicated that he had been motivated by sexual desire. He also notes that the children did not claim to have been touched sexually while in his apartment. *Page 7 
This record certainly contains evidence that could have supported a finding that the abductions were not sexually motivated.
 {¶ 17} But the trial court had competent, credible evidence before it to support its conclusion that Gebbie had abducted the girls with a purpose to gratify his sexual needs or desires. The trial court found that his history of sexually assaulting other children was similar enough to the way in which this incident began to provide insight into his motivation. Additionally, the fact that he had dragged the girls into his apartment, took them into his bedroom, and forced them into a position of submission before him provided the trial court with a further understanding of what Gebbie's intentions were. While Gebbie asserts that this evidence was less compelling than the evidence he presented in support of a nonsexual motivation, we cannot reweigh the evidence to make that determination.
{¶ l8} Gebbie's assignment of error is overruled, and the trial court's judgment is, therefore, affirmed.
Judgment affirmed.
HENDON, P.J., and CUNNINGHAM, J., concur.
[1] 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264.
[2] State v. Wolfe, 1st. Dist. No. C-060428, 2007-Ohio-____.
[3] R.C. 2905.02.
[4] State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202,865 N.E.2d 1264; accord State v. Wilkerson (2000), 138 Ohio App.3d 861,742 N.E.2d 716.
[5] Id. at ¶ 24, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[6] Id., citing Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273.
[7] Id.
[8] Id. at ¶ 26.
[9] Id. at ¶ 25, citing State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
[10] Id. at ¶ 40.
[11] Id. at ¶ 26, citing State v. Maple (Apr. 2, 2002), 4th Dist. No. 01CA2605, fn. 1; State v. Morrison (Sept. 20, 2001), 10th Dist. No. 01AP-66.
[12] State v. Hunter (June 1, 2001), 1st. Dist. No. C-000266.
[13] Wilson at ¶ 26.
[14] Id.
[15] Id. at ¶ 15, citing R.C. 2950.01(E).
[16] Id.
[17] R.C. 2950.09(B)(4).
[18] R.C. 2950.01(D)(1)(b).
[19] R.C. 2971.01(J).
[20] See State v. Guenther, 9th Dist. No. 05CA008663, 2006-Ohio-767, ¶¶ 40-47.
[21] See State v. Shough, 2nd Dist. No. 20531, 2005-Ohio-661, ¶ 25;State v. Robertson, 147 Ohio App.3d 94, 103, 2002-Ohio-494,768 N.E.2d 1207; State v. Anderson, 135 Ohio App.3d 759, 764- 765,1999-Ohio-928, 735 N.E.2d 909; State v. Childs (2001),142 Ohio App.3d 389, 755 N.E.2d 958; State v. Flores, 11th Dist. No. 2004-L-030,2005-Ohio-5277, ¶ 33-34.
[22] State v. Hickman, 11th Dist. No. 2003-P-0087,2004-Ohio-3929.
[23] State v. Gomez, 11th Dist. No. 2001-C-201, 2003-Ohio-1585. *Page 1