OPINION
{¶ 1} Defendant-appellant, Leslie Ford, appeals from a judgment of the Franklin County Court of Common Pleas designating him a sexual predator. For the following reasons, we affirm that judgment.
 {¶ 2} In 1990, appellant was charged with four counts of rape in violation of R.C. 2907.02, two counts of felonious sexual penetration in violation of R.C. 2907.12, one count of kidnapping in violation of R.C.2905.01, and one count of robbery in violation of R.C. 2911.02. In the early morning hours of December 7, 1989, appellant broke into a *Page 2 
group home for the mentally retarded and raped E.B., the caretaker of the home. He took her from the home and, over the course of the next few hours, forced her to perform a number of sexual acts against her will. Appellant also threatened to kill her. They eventually ended up in a field near the home where appellant again raped her. Appellant then returned E.B. to the home.
 {¶ 3} Appellant entered a guilty plea to one count of rape. The trial court dismissed the remaining charges, accepted appellant's guilty plea, and sentenced him to five to 25 years in prison. While incarcerated, appellant participated in the Polaris Sexual Offender Program. In March 2004, appellant was released from prison and placed on probation. In 2005, appellant violated the terms of his probation. Therefore, he was returned to prison and appellant continued to serve time on his rape sentence. Appellant was again released in August 2006. Following his second release, appellant was notified that the trial court would hold a sexual predator hearing. On February 21, 2007, the trial court held a sexual predator hearing, and thereafter, found appellant to be a sexual predator.
 {¶ 4} Appellant appeals his designation and assigns the following errors:
 First Assignment of Error: The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
 Second Assignment of Error: The record fails to establish that the court had authority to conduct a sex offender classification hearing.
 Third Assignment of Error: As applied to those convicted of offenses committed before its effective date, R.C. 2950.09(C) violates the ban on ex post facto lawmaking by the states set forth in Article I, Section 10 of the United States Constitution, *Page 3 
and the ban on retroactive laws set forth in Article II, Section 28 of the Ohio Constitution.
 Fourth Assignment of Error: As applied to those convicted of offenses committed before its effective date, R.C. 2950.09(C) violates the ban on double jeopardy contained in the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 5} We first address appellant's procedural assignment of error. In his second assignment of error, appellant contends the trial court lacked authority to conduct the sexual predator hearing. We disagree.
 {¶ 6} Appellant first argues that the trial court lacked authority to hold a sexual predator hearing because there is no evidence that the Ohio Department of Rehabilitation and Correction provided the statutorily required notice or recommendation to the trial court. See R.C. 2950.09(C)(1). Appellant did not raise this argument in the trial court. Therefore, appellant has waived this issue on appeal absent plain error. State v. Shields, Cuyahoga App. No. 85998, 2006-Ohio-1536, at ¶ 42 (failure to raise the issue in the trial court waives any claimed error); see, also, State v. Dunlap, Franklin App. No. 05AP-260,2005-Ohio-6754, at ¶ 7.
 {¶ 7} Appellant cannot show plain error. Assuming that the department failed to forward a notice or recommendation, the trial court still possessed the authority to hold the sexual predator hearing. State v.Brown, 151 Ohio App.3d 36, 2002-Ohio-5207, at ¶ 11 (department's recommendation not prerequisite for trial court to hold sexual predator hearing); State v. Clark (Mar. 29, 1999), Clermont App. No. CA98-11-103 (same).
 {¶ 8} Appellant also argues that the trial court erred because it failed to conduct the sexual predator hearing within a year of his initial release from prison. We disagree. *Page 4 
 {¶ 9} A trial court may hold a sexual predator hearing before the offender's release from prison, "or at any time within one year following the offender's release from that imprisonment." R.C.2950.09(C)(2)(a). Here, after his initial release from prison in March 2004, appellant violated the terms of his probation. Therefore, his parole was revoked and appellant was sent back to prison to serve his sentence. Appellant was released again in August 2006. Appellant's sexual predator hearing occurred in February 2007, which is within a year of his second release from prison. Because appellant was serving a term of imprisonment after his parole was revoked, the trial court did not err when it held a sexual predator hearing within a year of appellant's release in August 2006. See State v. Bolser, Butler App. No. CA2002-02-034, 2003-Ohio-1231, at ¶ 26 (trial court properly held sexual predator hearing after offender's initial release when offender returned to prison and serving term of imprisonment for violating parole). Under the plain language of R.C. 2950.09(C)(2)(a), the sexual predator hearing was timely. Appellant's second assignment of error is overruled.
 {¶ 10} In appellant's third and fourth assignments of error, he presents constitutional arguments against the application of R.C.2950.09 to his criminal offenses that occurred before the statute's effective date. The Supreme Court of Ohio has rejected these arguments. See State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus (rejecting ex post facto and retroactive constitutional arguments) and State v. Williams (2000), 88 Ohio St.3d 513, 528
(rejecting double jeopardy argument). Both of these decisions were based on a finding that R.C. 2950.09 is remedial in nature, and therefore, it can have retroactive application. *Page 5 
 {¶ 11} Appellant directs our attention to the multiple changes to R.C.2950.09 that have occurred since Cook and Williams were decided. SeeState v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 45 (Lanzinger, J., concurring in part and dissenting in part). He argues that these changes require us to revisit the constitutionality of the statute. We disagree. The modifications to the statute did not change the remedial nature of the statute. Cook and Williams are still good law and have not been overruled by the Supreme Court of Ohio. This court is bound to follow a decision of the Supreme Court of Ohio and we cannot overrule that court's decision or declare it unconstitutional. State v.Bruce, 170 Ohio App.3d 92, 2007-Ohio-175, at ¶ 6; State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶ 42; State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, at ¶ 7; State v.Schweitzer, Auglaize App. No. 2-06-25, 2006-Ohio-6087, at ¶ 7-9.
 {¶ 12} Appellant's third and fourth assignments of error are overruled.
 {¶ 13} Finally, in appellant's first assignment of error, he contests the trial court's sexual predator designation. In order for appellant to be designated a sexual predator, the state must show by clear and convincing evidence that he has been convicted of, or pled guilty to, a sexually oriented offense and is likely to commit one or more sexually oriented offenses in the future. R.C. 2950.01(E); State v. Eppinger
(2001), 91 Ohio St.3d 158, 163. Appellant does not dispute that he was convicted of a sexually oriented offense; rather, he contends there was insufficient evidence presented showing that he was likely to commit other sexually oriented offenses. We disagree. *Page 6 
 {¶ 14} To determine whether an offender is likely to reoffend, the trial court shall consider all relevant factors, including, but not limited to, those factors set forth in R.C. 2950.09(B)(3):
 (a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be *Page 7 
made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 15} These factors are "guidelines for the court to consider and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730. No requisite number of these factors must apply before a court finds an offender to be a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems appropriate. State v. Walker, Franklin App. No. 04AP-1107, 2005-Ohio-3540, at ¶ 10; State v. Fears, Franklin App. No. 04AP-1164, 2005-Ohio-2960, at ¶ 6. Because the test is not a balancing one, even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. State v.McDonald, Franklin App. No. 03AP-853, 2004-Ohio-2571, at ¶ 8. "`Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases."'Eppinger, supra, at 164, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 16} This court will not reverse a trial court's sexual predator determination as being against the manifest weight of the evidence if there exists some competent, credible evidence to support that determination. State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 32. This deferential standard of review applies even though the *Page 8 
state must prove the offender is a sexual predator by clear and convincing evidence. State v. Hannold (June 28, 1999), Washington App. No. 98CA40.
 {¶ 17} During the sexual predator hearing, appellant contended that he was physically incapable of reoffending. Appellant is now almost 57-years old. He recently has suffered two strokes. Appellant also sustained some brain damage as a result of being beaten during a stay at a rehabilitation center. Appellant is currently unable to walk without assistance and needs help getting dressed. He is not able to talk properly and has some paralysis on the right side of his body. His parole officer also testified that in his opinion, appellant was not likely to reoffend.
 {¶ 18} Apparently, the trial court did not find this evidence persuasive. Instead, the trial court focused on the nature of appellant's criminal offense and his subsequent probation violations. We recognize that appellant's probation violations occurred before he suffered two debilitating strokes. Nevertheless, this court cannot reverse on manifest weight grounds if there is competent, credible evidence supporting the trial court's decision. Wilson; State v.Wolfe, Hamilton App. No. C-060428, 2007-Ohio-3088, at ¶ 16.
 {¶ 19} Applying our deferential standard of review, and considering the R.C. 2950.09(B)(3) factors, there is competent, credible evidence to support the trial court's decision. Appellant's conduct demonstrated extreme cruelty. He repeatedly and brutally raped his victim in a number of locations while keeping her head covered. He also threatened her with death if she did not comply. He was 48-years old at the time he committed the rape. After his release from prison, appellant violated the terms of his probation by possessing a knife, causing or attempting to cause harm to another, and by possessing marijuana. At his sexual predator hearing, he also attempted to minimize his *Page 9 
rape conviction. Although appellant's physical condition has deteriorated, there was evidence that his prognosis was good and that appellant would be able to live on his own. This is competent, credible evidence supporting the trial court's decision.
 {¶ 20} Appellant's first assignment of error is overruled.
 {¶ 21} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur. *Page 1