[Cite as *State v. Lorton*, 2026-Ohio-2243.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

DWAYNE E. LORTON,

    DEFENDANT-APPELLANT.

CASE NO. 10-25-12

OPINION AND
JUDGMENT ENTRY

---

Appeal from Mercer County Common Pleas Court
Trial Court No. 09-CRM-032

Judgment Affirmed

Date of Decision: June 15, 2026

---

APPEARANCES:

    *Kathleen Evans* for Appellant

    *Mackenzie F. Reiber* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Dwayne E. Lorton ("Lorton") brings this appeal from the judgment of the Court of Common Pleas of Mercer County classifying him as a sexual predator. Lorton claims on appeal that the trial court's judgment was not supported by clear and convincing evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On March 19, 2009, the Mercer County Grand Jury indicted Lorton on four counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The acts forming the bases of the charges occurred between the years of 2005 and 2007. Pursuant to a plea agreement, Lorton agreed to enter pleas of no contest on each of the counts and the State agreed to not argue for more than an aggregate prison term of 20 years. The trial court held a hearing on July 15, 2009, accepted the no contest pleas, and found Lorton to be guilty. The trial court then ordered a presentence investigation be prepared. The trial court held a sentencing hearing on August 24, 2009, and made the following findings of fact.

> Having considered the presentence investigation report, all relevant statutes, Criminal Rule 11(F), the statements made in open Court, and any evidence presented, the Court was then prepared to address the sentencing factors set forth in [R.C. 2929.12]. Based upon the foregoing, the Court found the following factors applicable.
>
> Pursuant to R.C. 2929.12(B), The Court considered the following factors which it determined applied, indicating that the defendant's

conduct is **more serious** than the conduct normally constituting the offense:

the physical or mental injury suffered by the victim of the offense due to the offender's conduct was exacerbated because of the physical or mental condition or age of the victim

the victim suffered serious psychological harm

the offender's relationship with the victim facilitated the offense

Pursuant to R.C. 2929.12(C), The Court considered the following factors it determined applied, indicating that the defendant's conduct is **less serious** than the conduct normally constituting the offense:

In committing the offense, the offender did not cause or expect to cause physical harm to any person or property

Pursuant to R.C. 2929.12(D), The Court considered the following factors it determined applied, indicating that the defendant is **likely** to commit future crimes:

NONE

Pursuant to R.C. 2929.23(E), The Court considered the following factors it determined applied, indicating that the defendant is **unlikely** to commit future crimes:

Offender has not been adjudicated delinquent

no prior criminal convictions

offender has been law abiding for a significant number of years.

September 1, 2009 Sentencing Entry, 1-2. The trial court ordered Lorton to serve an aggregate prison term of 20 years.

{¶3} Also at the sentencing hearing, the trial court classified Lorton as a Tier III sex offender. The sex offender classification completed in 2009 used the

definitions under the version of R.C. 2950.01 that went into effect in 2008. That statute defined a tier III sex offender, in pertinent part, as one who has been convicted of a violation of R.C. 2907.02. R.C. 2950.01(G)(1)(a). This required Lorton to register in person every 90 days, abide by the residency requirements, and submit to community notification for life. *State v. Raber*, 2012-Ohio-5636, ¶ 15.

{¶4} In 2011, the Supreme Court of Ohio decided *State v. Williams* and determined that imposing the 2008 sex offender statutes on an offender whose offenses occurred prior to the enactment date of the statute violated the Ohio Constitution. 2011-Ohio-3374, ¶ 21. As a result, R.C. 2950.021 went into effect in 2024. It provides that any person wrongly classified using the post 2008 tier offender statute is entitled to a hearing in which the trial court will impose the pre-2008 classification using the definitions that existed before January 1, 2008. R.C. 2950.021(B)(1).

{¶5} On December 17, 2024, Lorton filed a motion to vacate his tier sex offender classification and determine the appropriate classification. The motion claimed that since Lorton was a wrongfully classified tier offender, R.C. 2950.021 required he be reclassified using the pre-2008 classification system. A hearing on the motion was held on June 30, 2025. No new evidence was taken at the hearing, though the parties stipulated to the underlying facts. The stipulations included Lorton's age at the time of the offenses (37-39 years), the age of the victim at the time of the offenses (10-12 years), Lorton's lack of prior criminal convictions, no

other victims, no use of drugs or alcohol, no mental health treatment prior to the offenses, the underlying facts that Lorton engaged in vaginal intercourse with the victim, that Lorton did not display cruelty or make threats in the commission of the offense, and that no additional behavioral characteristics contributed to Lorton's conduct. The offender classification system in effect at the time of the offenses required that any offender convicted of committing a sexually oriented offense is required to register. Former R.C. 2950.04. A violation of R.C. 2907.02 was defined as a sexually oriented offense. Former R.C. 2950.01(D)(1)(a). A "sexual predator" was defined as a person who has been convicted of committing a sexually oriented offense and is likely to engage in another sexually oriented offense in the future. Former R.C. 2950.01(E). A sexual predator was required to register and verify a residence every 90 days for life. Former R.C. 2950.06(B)(1) and 2950.07(B)(1).

{¶6} At the conclusion of the hearing, the trial court determined that pursuant to the classification statutes in effect at the time of Lorton's offenses, he should be classified as a sexual predator. In making this finding, the trial court determined that Lorton was likely to commit additional sexually oriented offenses. Lorton appealed from this judgment and on appeal raised the following assignment of error.

> **The trial court erred in designating Mr. Lorton a sexual predator because the finding was not supported by clear and convincing evidence.**

{¶7} Under the sole assignment of error, Lorton is claiming that he should not have been classified as a sexual predator because the trial court made findings

contrary to the record. Initially this Court notes that sexual offender classification hearings are civil in nature. *State v. Gowdy*, 88 Ohio St.3d 387, 398 (2000). The appropriate standard of review for a sexual-predator classification is the civil manifest weight of the evidence standard. *State v. Wilson*, 2007-Ohio-2202. "Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court." *State v. Gebbie*, 2007-Ohio-3089, ¶ 7 (1st Dist.). The factual findings of the trial court are presumed to be correct. *Id*.

{¶8} After being found guilty of a sexual offense, an offender under Megan's Law was classified as 1) a sexually oriented offender; (2) a habitual sex offender; or 4) a sexual predator with the main distinctions being the reporting requirement. *State v. Gray*, 2021-Ohio-844, (8th Dist.) A sexually oriented offender registered annually for 10 years, a habitual sex offender registered annually for 20 years, and a sexual predator registered every 90 days for life. Former R.C. 2950.04(C)(2), former R.C. 2950.06(B), and former R.C. 2950.07(B).

{¶9} To be classified as a sexual predator, the statute required the trial court to find that the offender was likely to commit sexually oriented offenses in the future. Former R.C. 2950.01(E). If this finding was not made, the offender could only be classified as a sexually oriented offender or a habitual sex offender, depending upon the facts of the case. Former 2950.01. In making its determination,

the trial court was required to consider all relevant factors, including, but not limited

to the factors listed in the statute:

(a) The offender's age;

(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender;

(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's conduct.

Former R.C. 2950.09(B)(2).

{¶10} At the original classification hearing, the trial court did not consider these factors. The current version of R.C. 2950.01 determines registration requirements based upon the offense for which one was convicted and does not require the trial court to engage in an analysis. Thus, the trial court did not previously review the statutory factors set forth in Former R.C. 2950.09(B)(2).

{¶11} At the original sentencing hearing, the trial court did determine that pursuant to the statutory factors under R.C. 2929.12(D)and (E), Lorton was unlikely to engage in future crimes. The factors for those statutory sections are as follows.

> (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
>
> (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.
>
> (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.
>
> (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or

pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

R.C. 2929.12. While some of these factors overlap, such as the determination whether the defendant has prior criminal convictions, many of the factors raised by former R.C. 2950.09 are not included in R.C. 2929.12. This means that the trial court could not previously consider them when classifying Lorton as a Tier III Sexual Offender.

{¶12} Lorton argues that the trial court could not find him to be a sexual offender upon reclassification because it had already determined that he was not likely to recidivate and the law of the case doctrine prohibits modification of the prior findings. The law of the case doctrine is well established in Ohio and only comes into effect with respect to issues previously addressed and resolved. *Levine v. Kellogg*, 2022-Ohio-3440, ¶ 48 (10th Dist.). "The doctrine provides that legal questions and issues resolved by a reviewing court in a prior appeal continue as the law of that case for any succeeding proceeding at both the trial and appellate levels." *Id.* In this case, the doctrine does not apply. First, the issue before this court did not arise out of an appellate proceeding, but rather from the initial proceeding of the trial court. Second, the trial court had not previously addressed all of the required factors. As the former statute required the trial court to consider its statutory factors when determining the proper classification for Lorton, the trial court had no choice but to consider those factors when determining the proper classification under former R.C. 2950 in the first instance.

{¶13} Lorton also claims that the findings of the trial court are not supported by the record. The factual issues raised by former R.C. 2950.09 were all addressed in factual stipulations by the parties. The trial court then weighed the factual stipulations and determined that Lorton should be classified as a sexual predator. The trial court's determinations are supported by some competent, credible

evidence, i.e. the stipulations. Therefore this court will not overrule the determination of the trial court. The assignment of error is overruled.

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Mercer County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge

DATED:
/hls